**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DRAPER FRANK WOODYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 26-00099-KD-N |
| | ) | |
| SOUTH BALDWIN MEDICAL | ) | |
| GROUP FOLEY ALABAMA , *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Draper Frank Woodyard, currently a pretrial detainee confined at the Baldwin County Correctional Center, filed a complaint seeking relief under 42 U.S.C. § 1983. (*See* Doc. 1). Upon review of the complaint, and for the reasons set forth below, it is **RECOMMENDED** that this Court **DISMISS** this action without prejudice for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(g).[1]

### I.     Background.

Plaintiff is suing "South Baldwin Medical Group aka South Baldwin Regional Center aka South Baldwin Hospital" located in Foley, Alabama ("South Baldwin"), one unknown male hospital staff member, and the Board of Directors. According to Plaintiff, in late February or early March 2025, he was taken to South Baldwin after he was stabbed with a sharp object by a guard at Baldwin County Correction Center and presumably infected with the AIDS virus. (Doc.

---

[1]     The undersigned notes that this Court has already determined and explained to Mr. Woodyard that South Baldwin Hospital, its doctors, nurses, and Board of Directors are not state actors and are not suable under 42 U.S.C. § 1983. *See Woodyard v. S. Baldwin Hosp.*, No. CV 25-00308-JB-MU, 2025 WL 2817551, at *1 (S.D. Ala. Sept. 10, 2025) (dismissing the action for lack of subject matter jurisdiction because the named defendants were not state actors under § 1983).

1). He claims he repeatedly requested a HIV test at South Baldwin, but an unknown male staff member denied the test because he was a prisoner, despite that Woodyard's insurance was on file at South Baldwin and active at the time of visit. (*Id*. at 2-3). Woodyard is suing the defendants for monetary damages in their individual and official capacities and further requests injunctive relief, namely HIV testing.  (*Id*. at 4).

## II.    Discussion.

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Plaintiff brings this suit under 42 U.S.C. § 1983. Section 1983 provides a cause of action for persons whose rights under the United States Constitution or federal laws have been violated under color of state law. *See* 42 U.S.C. § 1983. The law is clear, section 1983 "erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer,* 334 U.S. 1, 13 (1948). Thus, essential to establishing a claim under § 1983 is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co., v. Sullivan*, 526 U.S. 40 (1999).

Here, South Baldwin Hospital, its Board of Directors, and the unknown male staff member are not state actors. Nor has Plaintiff set forth facts in the complaint to suggest the named defendants arguably should be considered state actors.  Instead, all evidence, including an independent internet search conducted by the Court,[2] reflects that South Baldwin is a private (not

---

[2]    South Baldwin Regional Medical Center (which Plaintiff also refers to in his complaint as "South Baldwin Medical Group" and "South Baldwin Hospital") now operates as Baldwin Health. *See* Fox10 News, Baldwin Health revealed as new brand for old South Baldwin Regional Medical

governmental) entity. Consequently, for Plaintiff to proceed against the hospital and its employees under § 1983, Plaintiff must show that the defendants' actions are of such character as to render the private entities state actors. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970). And he has failed to do this. There are no factual allegations which support that South Baldwin or any defendant acted under color of state law, i.e., a physician who treats inmates at a jail or prison pursuant to a contract acts under color of state law, *Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986), but a private physician or hospital not employed by or under contract with the state does not act under color of state law merely by providing medical treatment to a prisoner. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009) ("[P]rivate organizations and their employees that have only an incidental and transitory relationship with the state's penal system usually cannot be said to have accepted, voluntarily, the responsibility of acting for the state and assuming the state's responsibility for incarcerated persons."); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). Because the actions that Woodyard complains about were not committed by a person acting under color of state law, the Court lacks jurisdiction over Plaintiff's § 1983 suit.

Defective allegations of jurisdiction generally "may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. However, a court is not required to allow an opportunity to amend to cure a jurisdictional defect in the pleadings where the amendment would be futile. *Crooked Creek Props., Inc. v. Ensley*, 660 F. App'x 719, 721 (11th Cir. 2016) (per curiam)

---

Center in Foley, https://www.fox10tv.com/2024/10/15/baldwin-health-revealed-new-brand-old-south-baldwin-regional-medical-center-foley/ (last visited 03/23/2026). It is owned by Foley Hospital Corporation, a subsidiary of Community Health Systems, Inc., a publicly traded operator of hospitals, traded under the ticker symbol CYH on the New York Stock Exchange. *See* Securities and Exchange Commission Company Search, https://www.sec.gov/edgar/browse/?CIK=1412760 (last visited 03/23/2026); *see also* Alabama Secretary of State Business Entity Records, https://arc-sos.state.al.us/CGI/CORPNAME.MBR/INPUT (last visited 03/23/2026).

(noting that although defective allegations of jurisdiction may be amended pursuant to § 1653, courts may deny a motion to amend on the basis of futility, undue delay, bad faith, undue prejudice to the opposing party, etc.). Here, based on Woodyard's allegations and litigation history (as discussed below) any attempt to bolster his complaint's jurisdictional allegations would be futile. Therefore, the undersigned submits that Woodyard should not be given an opportunity to amend his petition to cure his defective jurisdictional allegations.

Review of the complaint reveals that Woodyard has failed to show that the defendants deprived him of a constitutional right. Woodyard's claim that he was denied an HIV test, without any present HIV symptoms, fails to establish that he suffered an objectively serious medical need. Without the showing of an objectively serious medical need, Woodyard cannot prevail on a deliberate indifference claim against any defendant. *Cf. Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (discussing the constitution prohibits government officials from exhibiting "deliberate indifference" to the "objectively, sufficiently serious" medical needs of prisoners). And to the extent he raises claims of negligence or medical malpractice against the defendants, neither are actionable under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Additionally, the Court recognizes that Woodyard qualifies as a "three-striker" who must pay the full filing fee at the time he initiates a "civil action." *See* 28 U.S.C. § 1915(g); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). Woodyard did not pay the filing fee when he initiated this case, nor did he file a proper motion to proceed without prepayment of fees. Because Woodyard has previously had three-strikes under § 1915(g), and he did not pay the filing fee when filing this action, his case cannot proceed with this action unless he can show he "is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Because Woodyard's

complaint allegations relate to conduct that occurred in 2025, Plaintiff has failed to demonstrate that he faces imminent danger of physical injury or harm. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Consequently, Woodyard's complaint should be dismissed pursuant to 28 U.S.C. § 1915(g). *Medberry*, 185 F.3d at 1193 (Plaintiff bears the burden of showing that he was in imminent danger or serious physical injury when he filed his complaint.).

### III.    Conclusion.

For the reasons discussed, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction and without leave to amend, and pursuant to  28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** the **24th** day of **March, 2026**.

**/s/ KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**